**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

KEVIN BUTALA,
Plaintiff,
v.
JENNIFER ALONSO,
Defendant.

Case No. 26-cv-05735-BAS-DEB

**ORDER:**
**(1) GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF No. 2);**
**(2) SCREENING AND DISMISSING COMPLAINT WITHOUT PREJUDICE (ECF No. 1); AND**
**(3) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 3)**

## I. INTRODUCTION

Plaintiff Kevin Butala, proceeding *pro se*, has filed a Complaint alleging that Defendant Jennifer Alonso impersonated a psychiatrist and placed him on an involuntary hold. (ECF No. 1.) Plaintiff has also filed a Motion for Leave to Proceed *in forma pauperis* ("IFP") and a Motion for Appointment of Counsel. (ECF Nos. 2, 3.)

For the reasons below, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed IFP. (ECF No. 2.) However, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint. (ECF No. 1.) Plaintiff may file an amended Complaint stating a federal claim by **November 16, 2026.** The Court also **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Appointment of Counsel. (ECF No. 3.)

## II. MOTION TO PROCEED IFP

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) (finding that the district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family), *vacated in part on other grounds sub nom. Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of*

*Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Plaintiff's application, the Court finds that Plaintiff meets the requirements in 28 U.S.C. § 1915 for IFP status. Plaintiff represents that he is unemployed and currently does not receive any income. (ECF No. 2.) In addition, he represents that he has $248.00 in monthly expenses. (*Id.*) Since his expenses exceed his income, the Court finds that requiring Plaintiff to pay the court filing fees would impair his ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339.

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed IFP. (ECF No. 2.)

## III. SCREENING UNDER 28 U.S.C. § 1915(e)

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, fails to state a claim upon which relief may be granted, or . . . seeks monetary relief against a [respondent] who is immune from such relief[.]" *Lopez v. Smith*, 203 F.3d 1122, 1141 n.6 (9th Cir. 2000) (en banc); *see also* 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Section 1915(e)(2) mandates that the court reviewing a complaint filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3). *Lopez*, 203 F.3d at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194

(9th Cir. 1998) (noting that "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

Under 28 U.S.C. § 1915(e)(2)(B), courts must *sua sponte* dismiss IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**A. Background**

From what the Court can discern, Plaintiff claims he was in the hospital for sepsis. (ECF No. 1.) On October 2, 2026, the night before he was discharged, a registered nurse allegedly told him he had to talk to the psychiatrist before he could leave, or he would be placed on a "51-50" psychiatric hold "for up to 72 hours" (a likely reference to the 72-hour involuntary hold under Cal. Welf. & Inst. Code § 5150). (*Id.*)

Plaintiff then spoke with Defendant Jennifer Alonso, who allegedly said "I will be forced to 51-50 you," if Plaintiff did not answer her questions. (*Id.*) Plaintiff alleges that Defendant Alonso was impersonating the "real" Dr. Alonso—who is a psychiatrist that once suggested Plaintiff should become a suicide-prevention counselor. (*Id.*)

Plaintiff brings the present action to sue Defendant Alonso for "i[m]personating, identity theft, insurance fraud, and just a fraud," and asks "who knows how long Jenniffer [sic] has been i[m]personating Dr. Alonso." (*Id.*) On the cover sheet he states the cause of action as a "health care worker (social worker) i[m]personated a real Dr./physician/psychi[a]trist at Sharp Memorial Hospital." (*Id.*)

Plaintiff also says that he was discharged "pre-maturely" and "not cured" on October 3, 2026; his discharge paperwork was printed at 10:34 a.m., and he was discharged at 10:46 a.m. (*Id.*)

**B. Discussion**

Even though Plaintiff is *pro se*, he must still follow Federal Rule of Civil Procedure 8(a)(2) and draft a complaint that shows what legal claims he brings against Defendant and that he is entitled to relief. *See Hoover v. Fedural Files Ct.*, No. 2:21-cv-02194-JAD-VCF, 2022 WL 314921, at *3 (D. Nev. Jan. 31, 2022).

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). There are two bases for subject matter jurisdiction in federal court: federal question jurisdiction and diversity jurisdiction. Federal question jurisdiction requires that the claims asserted in a complaint arise under federal law. 28 U.S.C. § 1331. Diversity jurisdiction requires that (1) the amount in controversy exceed $75,000 and (2) the parties be citizens of different states. 28 U.S.C. § 1332(a). A state law claim may proceed in federal court only if the claim is supplemental to a cognizable federal claim, or if the court has diversity jurisdiction over the case. *See* 28 U.S.C. §§ 1332(a), 1367.

Here, beyond gesturing broadly at "fraud," Plaintiff has not indicated that Defendant Alonso violated any particular law by allegedly impersonating a psychiatrist. Even if the Court liberally construes Plaintiff's claims as California common-law fraud, Plaintiff would need to root his claims in federal law. *See Wade v. Sacramento Hous. & Redevelopment Agency*, No. 2:18-cv-1068-KJM-AC-PS, 2018 WL 4144426, at *2 (E.D. Cal. Aug. 30, 2018) ("To establish federal court jurisdiction, plaintiff must present a cause of action arising under federal law."); *Elliott v. Benefits Mgmt. Corp.*, No. 13-cv-04152-JST, 2013 WL 6921279, at *3 (N.D. Cal. Nov. 1, 2013) ("Fraud is a state common law cause of action.").

Moreover, although Plaintiff lists nature-of-suit codes on his civil cover sheet (*e.g.*, 375 False Claims Act), he does not cite any federal statute or constitutional provision as the basis for his claims.

Thus, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint. (ECF No. 1.) Plaintiff may file an amended Complaint stating a federal claim by **November 16, 2026.**

## IV. MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 3)

Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In civil cases, counsel should be appointed only in "exceptional circumstances." *Id.* To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id.* Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if he or she voluntarily accepts the appointment. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[ ] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case").

Here, Plaintiff seeks pro bono counsel but does not list any reasons. (ECF No. 3.) Plaintiff does not allege any "exceptional circumstances" warranting appointment of counsel. Courts have found that even disabilities, homelessness, and indigence do not constitute exceptional circumstances absent evidence that they significantly interfere with a plaintiff's ability to prosecute the case. *See Olson v. Smith*, 609 F. App'x 370, 373 (9th Cir. 2015) (disabilities), *cert. denied*, 136 S. Ct. 1165 (2016); *see also Signorelli v. Hughes*,

363 F. App'x 455, 456 (9th Cir. 2010) (disabilities); *Bolton v. Steve's Towing*, No. 5:23-cv-00941-JLS-AJR, 2023 WL 8168951, at *1 (C.D. Cal. Nov. 9, 2023) (homelessness); *Webb v. NaphCare, Inc.*, No. 3:21-cv-05761-TL, 2022 WL 2192977, at *2 (W.D. Wash. June 16, 2022) (homelessness and indigence). In addition, because the case is in its beginning stages and the Court has dismissed Plaintiff's Complaint without prejudice, the Court is unable to determine the likelihood of success of any amended claims. *See Jones v. Brennan*, No. 18-cv-07569-HSG, 2019 WL 1925495, at *1 (N.D. Cal. Apr. 30, 2019).

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Appointment of Counsel (ECF No. 3).

## V. CONCLUSION

For the reasons above, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed IFP. (ECF No. 2.) However, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint. (ECF No. 1.) Plaintiff may file an amended Complaint stating a federal claim by **November 16, 2026.** The Court also **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Appointment of Counsel. (ECF No. 3.)

**IT IS SO ORDERED.**

**DATED: October 30, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**